UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERALD LYNN CAMPBELL, : | |
| : | |
| Petitioner, : | Civ. No. 14-1681 (RBK) |
| : | |
| v. : | **OPINION** |
| : | |
| J.T. SHARTLE, : | |
| : | |
| Respondent. : | |

**ROBERT B. KUGLER, U.S.D.J.**

### I.   INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. He is currently serving a sentence of 300 months imprisonment after he was convicted by a jury in the United States District Court for the Eastern District of Tennessee of possession with the intent to distribute crack cocaine, using and carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm as a felon. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

### II.   BACKGROUND

Petitioner received a 300-month prison sentence in the Eastern District of Tennessee in 1995. Petitioner's appeal was affirmed by the United States Court of Appeals for the Sixth Circuit. *See United States v. Campbell* (*Campbell I*), No. 95-5191, 1995 WL 699614 (6th Cir. Nov. 27, 1995).[1] In 2009, petitioner filed a motion to vacate, set aside or correct his sentence

---

[1] The Court takes judicial notice of the prior opinions in petitioner's federal criminal proceedings and subsequent federal habeas proceedings. *See McPherson v. United States*, 392 F. App'x 938, 940 n. 1 (3d Cir. 2010) (taking judicial notice of the official record of prior court proceedings).

pursuant to 28 U.S.C. § 2255 in the Eastern District of Tennessee.  Petitioner argued in that motion that his sentence should to be lowered as Congress and the Department of Justice had recognized the need to address the disparity between crack cocaine and powder cocaine.  *See Campbell v. United States* (*Campbell II*), Crim. No. 93-19, 2009 WL 3415162, at *1 (E.D. Tenn. Oct. 19, 2009).  Ultimately, the Eastern District of Tennessee determined that petitioner's § 2255 motion was time-barred.  *See id.* at 2-3.

Petitioner has now filed the instant habeas petition in this Court pursuant to § 2241.[2]  He claims in his petition that he is entitled to resentencing as a prior Tennessee state conviction for aggravated assault was improperly categorized as a violent felony in his federal criminal proceedings.  This state conviction was used to classify him as a career offender under the Federal Sentencing Guidelines, thereby increasing his federal sentence.

---

[2] Section 2241 states in relevant part:

> (a)  Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
> (c)  The writ of habeas corpus shall not extend to a prisoner unless –
>> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>> (4) He being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(a) & (c).

### III.     STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.     DISCUSSION

Petitioner is challenging the federal criminal sentence he received in the Eastern District of Tennessee in this § 2241 habeas action. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

3

> him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful [sentence] claim."  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted).  However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  *Cradle*, 290 F.3d at 539 (citations omitted).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Id.* at 538 (citation omitted).  "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]"  119 F.3d at 251.  Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255.  *See id*.  The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge

4

his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner argues in this habeas petition that he was improperly sentenced. Citing to a United States Court of Appeals for the Sixth Circuit case in *United States v. McMurray*, 653 F.3d 367 (6th Cir. 2011), petitioner asserts that the Eastern District of Tennessee erred in classifying a Tennessee state conviction for aggravated assault as a violent felony for purposes of applying a career offender sentencing enhancement to his federal sentence.

Petitioner's arguments do not bring him within the *Dorsainvil* exception to establish this Court's jurisdiction under § 2241. Petitioner does not allege in the instant habeas petition that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Indeed, petitioner's claim in this habeas petition is that he was improperly given a career offender enhancement under the Sentencing Guidelines because one of his prior crimes was not a "violent felony." Similar arguments have been found to be insufficient to fall within the *Dorsainvil* exception as they relate to an argument that petitioner is factually innocent of a sentencing enhancement as opposed to being factually innocent of the crime for which he was convicted. *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he

5

was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here."). Accordingly, this Court lacks jurisdiction to consider the instant § 2241 habeas petition as petitioner argues that he was improperly labeled a career offender under the Sentencing Guidelines as opposed to arguing that he is factually innocent of the crimes for which he was actually convicted of.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the Sixth Circuit as a request to file a second or successive § 2255 motion. However, such a finding does not prevent petitioner from seeking leave from the Sixth Circuit to file a second or successive § 2255 motion should he elect to do so.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction.  An appropriate order will be entered.

DATED: April 9, 2014

                                                        s/Robert  B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge